IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN TIMOTHY PRICE,

    **Plaintiff,**

    v.                                      CASE NO. 25-3039-JWL

DOUGLAS COUNTY COMMISSION,
et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

    Plaintiff, John Timothy Price, who is currently in custody at the Douglas County Jail in Lawrence, Kansas, brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff names the Douglas County Commission and the Douglas County Sheriff's Department as defendants. He claims that he has "been denied [his] most essential component(s) of property right(s) and denied adequate healthcare treatment." (Doc. 1, at 2.) Plaintiff alleges that he was denied treatment for a "pre-existing medical ailment." *Id*. Plaintiff claims he is being denied the ability "to make use [of his] property." *Id*. at 3. Plaintiff does not identify his pre-existing medical ailment, what treatment he sought, or what property he is being denied. He also claims the water is "of undesirable quality." *Id*. at 4. For relief, he seeks "redress/recourse/remedy." *Id*. at 5.

    Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 3). Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

malicious, or fails to state a claim upon which relief may be granted."[1]  Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury.  *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'"  *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)).  "Vague and utterly conclusory assertions are insufficient."  *Id*.  The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice."  *Id*. (citations omitted).  The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'"  *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted).  "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'"  *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury.  Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action.  Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court.  If he fails to pay the full fee within the prescribed time, the Complaint will be

---

[1] Prior to filing the instant complaint, the Court finds at least three prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Price v. Dixon, et al.,* Case No. 21-3283-SAC (D. Kan. March 17, 2022) (dismissed for failure to state a claim upon which relief may be granted); *Price v. Kagay, et al.*, Case No. 22-cv-3003-SAC (D. Kan. March 17, 2022) (same); *Price v. Blount Cty., Ala., et al.*, Case No. 22-cv-3059-SAC (D. Kan. April 21, 2022) (same).

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **April 4, 2025,** to submit the $405.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated March 7, 2025, in Kansas City, Kansas.**

                                          **S/ John W. Lungstrum**
                                          **JOHN W. LUNGSTRUM**
                                          **UNITED STATES DISTRICT JUDGE**