IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN TIMOTHY PRICE,

    **Plaintiff,**

    v.                                            CASE NO. 25-3039-JWL

DOUGLAS COUNTY COMMISSION,
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

    Plaintiff, John Timothy Price, who is currently in custody at the Douglas County Jail in Lawrence, Kansas, brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff names the Douglas County Commission and the Douglas County Sheriff's Department as defendants. He claims that he has "been denied [his] most essential component(s) of property right(s) and denied adequate healthcare treatment." (Doc. 1, at 2.) Plaintiff alleges that he was denied treatment for a "pre-existing medical ailment." *Id*. Plaintiff claims he is being denied the ability "to make use [of his] property." *Id*. at 3. Plaintiff does not identify his pre-existing medical ailment, what treatment he sought, or what property he is being denied. He also claims the water is "of undesirable quality." *Id*. at 4. For relief, he seeks "redress/recourse/remedy." *Id*. at 5.

    On March 7, 2025, the Court entered a Memorandum and Order (Doc. 4) ("M&O") denying Plaintiff leave to proceed in forma pauperis, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and found no showing of imminent danger of serious physical injury. The Court granted Plaintiff until April 4, 2025, to submit the $405.00 filing fee. The M&O provides that "[t]he failure to submit the fee by

that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 4, at 3.) Plaintiff has failed to pay the filing fee by the deadline set forth in the M&O.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

 **IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated April 7, 2025, in Kansas City, Kansas.

S/ John W. Lungstrum  
**JOHN W. LUNGSTRUM**  
**UNITED STATES DISTRICT JUDGE**